IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOHN DOES 1 THROUGH 7,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE TALIBAN, AL-QAEDA,<br>and THE HAQQANI NETWORK,<br><br>*Defendants.* | Case No.: 3:20-mc-00206-FDW-DSC |

## MOTION FOR ORDER OF FINAL EXECUTION

NOW COMES Plaintiffs/Judgment Creditors, John Does 1 through 7, by and through undersigned counsel and pursuant to Section 201(a) of the Terrorism Risk Insurance Act, 28 U.S.C. § 1610 note ("TRIA"), and. Fed. R. Civ. P. 64 and 69, and move this Court for an Order of Final Execution to be issued against the Defendants/Judgment Debtors, The Taliban, Al-Qaeda, and The Haqqani Network, and in support of this Motion, shows unto the Court the following:

1. On November 5, 2020, Plaintiffs obtained a Judgment in the United States District Court for the Northern District of Texas against The Taliban, Al-Qaeda, and The Haqqani Network for an amount totaling One Hundred Thirty-Eight Million Four Hundred Eighteen Thousand Seven Hundred Forty-One Dollars and zero cents ($138,418,741) in compensatory damages, jointly and severally for an act of terrorism committed by the Judgment Debtors.

2. The Judgment was obtained pursuant to a civil action brought under the Anti-Terrorism Act, 18 U.S.C. § 2333 (hereinafter "ATA") and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(b) (hereinafter "RICO").

1

3. Section 201(a) of the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610 note ("TRIA"), provides for the enforcement of compensatory awards against terrorist parties by executing on any blocked assets of such terrorist organizations, or any entity or person who is their agency of instrumentality. It provides:

> SEC. 201. SATISFACTION OF JUDGMENTS FROM BLOCKED ASSETS OF TERRORISTS, TERRORIST ORGANIZATIONS, AND STATE SPONSORS OF TERRORISM.
> (a) IN GENERAL- Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2333; 28 U.S.C. § 1610 note.

4. The Taliban, Al-Qaeda, and The Haqqani Network are each a "terrorist party", as defined by Section 201(d)(4) of the TRIA. On July 2, 2002, George W. Bush designated the Taliban as a Specially Designated Global Terrorist pursuant to Executive Order 13268, https://fas.org/irp/offdocs/eo/eo-13268.htm. On October 8, 1999, the U.S. Department of State designated Al-Qaeda as a Foreign Terrorist Organization pursuant to Title 8 U.S.C. § 1189, U.S. Dept. of State, Office of the Coordinator for Counterterrorism, https://www.state.gov/foreign-terrorist-organizations/. On September 19, 2012, the U.S. Department of State designated The Haqqani Network as a Foreign Terrorist Organization pursuant to Title 8 U.S.C. § 1189, U.S. Dept. of State, Office of the Coordinator for Counterterrorism, https://www.state.gov/foreign-terrorist-organizations/. As such, the judgment for an act of terrorism against the Judgment

Debtors may be executed against the Judgment Debtors' blocked assets, including the blocked assets of any agency or instrumentality of a Judgment Debtor.

5. On January 20, 2021, Plaintiffs registered the Judgment in this Court.

6. The damages awarded in the Judgment have not been fully satisfied, vacated, or reversed.

7. The Plaintiffs are the only Judgment Creditors of the Judgment known to Plaintiffs.

8. A future application will request third parties to answer as to whether they hold Judgment Debtors' blocked assets, including the blocked assets of any agency or instrumentality of a Judgment Debtor.

**WHEREFORE**, Plaintiffs/Judgment Creditors respectfully request that an Order of Execution be issued for the collection of the Judgment entered herein.

Dated: February 23, 2021

          Respectfully submitted,

          **Winiker Law Firm, PLLC**
          435 East Morehead Street
          Charlotte, North Carolina 28202
          Telephone: (704) 333-8440
          Facsimile: (704) 831-5274

By:    s/ *S. Frederick Winiker, III*
          S. Frederick Winiker, III
          North Carolina Bar No. 22390
          swiniker@winikerlaw.com

          **do Campo & Thornton, P.A.**
          Chase Bank Building
          150 S.E. 2nd Avenue, Ste. 602
          Miami, Florida 33131
          Telephone: (305) 358-6600
          Facsimile: (305) 358-6601

By:    s/ *John Thornton*
          John Thornton
          Florida Bar No. 004820
          jt@dandtlaw.com
          *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ <u>*S. Frederick Winiker, III*</u>
S. Frederick Winiker, III