IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOHN DOES 1 THROUGH 7,<br><br>*Judgment Creditors,*<br><br>v.<br><br>THE TALIBAN, AL-QAEDA,<br>and THE HAQQANI NETWORK,<br><br>*Judgment Debtors.* | Case No.: 3:20-mc-00206-FDW-DSC |

## MOTION FOR ORDER OF EXECUTION

NOW COMES Judgment Creditors, John Does 1 through 7, by and through undersigned counsel and pursuant to Section 201(a) of the Terrorism Risk Insurance Act, 28 U.S.C. § 1610 note ("TRIA"), and Fed. R. Civ. P. 64 and 69, and move this Court for an Order of Execution to be issued against the Judgment Debtor, the Taliban, and its agencies and instrumentalities, including but not limited to VTB Bank Europe SE, and in support of this Motion state:

1. On November 5, 2020, Plaintiffs obtained a Judgment in the United States District Court for the Northern District of Texas against the Taliban, Al-Qaeda, and the Haqqani Network for an amount totaling One Hundred Thirty-Eight Million Four Hundred Eighteen Thousand Seven Hundred Forty-One Dollars and zero cents ($138,418,741) in compensatory damages, jointly and severally for an act of terrorism committed by the Judgment Debtors.

2. The Judgment was obtained pursuant to a civil action brought under the Anti-Terrorism Act, 18 U.S.C. § 2333 (hereinafter "ATA") and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(b) (hereinafter "RICO"). On January 20, 2021, Judgment Creditors registered the Judgment in this Court.

3. Section 201(a) of the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610 note ("TRIA"), provides for the enforcement of compensatory awards against terrorist parties by executing on any blocked assets of such terrorist organizations, or any entity or person who is their agency of instrumentality. It provides:

> SEC. 201. SATISFACTION OF JUDGMENTS FROM BLOCKED ASSETS OF TERRORISTS, TERRORIST ORGANIZATIONS, AND STATE SPONSORS OF TERRORISM.
> (a) IN GENERAL- Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2333; 28 U.S.C. § 1610 note.

4. The Taliban, Al-Qaeda, and the Haqqani Network are each a "terrorist party", as defined by Section 201(d)(4) of the TRIA. On July 2, 2002, George W. Bush designated the Taliban as a Specially Designated Global Terrorist pursuant to Executive Order 13268, https://fas.org/irp/offdocs/eo/eo-13268.htm. On October 8, 1999, the U.S. Department of State designated Al-Qaeda as a Foreign Terrorist Organization pursuant to Title 8 U.S.C. § 1189, U.S. Dept. of State, Office of the Coordinator for Counterterrorism, https://www.state.gov/foreign-terrorist-organizations/. On September 19, 2012, the U.S. Department of State designated The Haqqani Network as a Foreign Terrorist Organization pursuant to Title 8 U.S.C. § 1189, U.S. Dept. of State, Office of the Coordinator for Counterterrorism, https://www.state.gov/foreign-terrorist-organizations/. As such, the judgment for an act of terrorism against the Judgment

Debtors may be executed against the Judgment Debtors' blocked assets, including the blocked assets of any agency or instrumentality of a Judgment Debtor.

5. On August 29, 2022, Judgment Creditors served an information subpoena on a financial institution, which indicated that it holds in this district blocked assets of VTB Bank Europe SE.

6. As the Judgment Creditors will later demonstrate more fully in their motion for release of funds, VTB Bank Europe SE is an agency or instrumentality of the Judgment Debtor, the Taliban.

7. VTB Bank Europe SE is a sanctioned entity by the U.S. Department of the Treasury pursuant to Executive Order ("E.O") 14024, under the Russian Foreign Activities Sanctions Regulations, for being owned or controlled, directly or indirectly, by VTB Bank. *See* Exec. Order. No. 14024, 87 FR 32307. VTB Bank was designated pursuant to E.O. 14024, under the Russian Foreign Activities Sanctions Regulations, for being owned or controlled by, or for having acted or purported to act for or on behalf of, directly or indirectly, the Government of the Russian Federation, and for operating or having operated in the financial services sector of the Russian Federation economy. *Id*.

8. Russia was, at the time of the attack on Judgment Creditors, a patron of the Taliban, used its financial institutions to support the Taliban, and even directly supported Taliban attacks on Americans such as the attack at the heart of this case. A wealth of sources corroborate these well-known connections between Russia and the Taliban that are funded through Russian banks. *See* Exhibit A, Appendix. A perusal of the Appendix indicates the mass of the overwhelming evidence. Indeed, another sanctioned Russian bank has already been found to be an agency or instrumentality of the

3

Taliban and issued a preliminary writ of execution analogous to the one sought here. *See* Exhibit B, Order dated Nov. 2, 2022, *John Does 1-7 v. the Taliban*, Case No. 22-cv-00990 (N.D.N.Y.), Dkt. 16. Prior to turnover in this matter, undersigned will provide this Court with competent testimony establishing conclusively that VTB Bank Europe SE is an agency or instrumentality of the Taliban. VTB Bank Europe SE will be given notice and the opportunity to challenge that finding.

9. The damages awarded in the Judgment have not been fully satisfied, vacated, or reversed.

10. The Judgment Creditors are the only Creditors of the Judgment known to themselves.

11. In this district, where it appears in proceedings supplementary to execution that a third person has funds of the defendant available for the judgment debt, an order may be made by the court forbidding such third persons to dispose of the funds. *See Boseman v. McGill*, 184 N.C. 215, 114 (1922).

12. After the requested writ is issued, it will be served on the garnishee bank that holds the blocked assets. Soon thereafter, judgment creditors will file a motion for release of funds requesting the final release of the assets pursuant to the substantive rights provided for under TRIA, and the process of North Carolina execution which provides that "an execution shall issue against the property or debt of the judgment debtor that the debtor of the judgment debtor acknowledged he holds." N.C. Gen. Stat. § 1-360.1.

13. The proposed order and writ are attached as Exhibits C and D respectively.

**WHEREFORE**, Judgment Creditors respectfully request that an Order of Execution be issued for the collection of the Judgment entered herein against the assets of the Judgment

Debtor the Taliban and its agencies or instrumentalities, including but not limited to VTB Bank Europe SE.

Dated: March 20, 2023.

Respectfully submitted,

**Winiker Law Firm, PLLC**
352 N Caswell Rd
Charlotte, NC 28204
Telephone: (704) 333-8440
Facsimile: (704) 831-5274

By: s/ *S. Frederick Winiker, III*
S. Frederick Winiker, III
North Carolina Bar No. 22390
swiniker@winikerlaw.com

**do Campo & Thornton, P.A.**
Chase Bank Building
150 S.E. 2nd Avenue, Ste. 602
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601


By: s/ *John Thornton*
John Thornton
Florida Bar No. 004820
jt@dandtlaw.com
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ *S. Frederick Winiker, III*
S. Frederick Winiker, III
