IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOHN DOES 1 THROUGH 7, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE TALIBAN, AL-QAEDA, and THE HAQQANI NETWORK, <br><br> *Defendants*, <br><br> v. <br><br> Bank of America, N.A., <br><br> *Garnishee*, <br><br> VTB Bank (Europe) SE i.L., <br><br> *Intervenor*. | Case No. 3:20-mc-00206 <br><br> **ORAL ARGUMENT REQUESTED** |

**VTB BANK (EUROPE) SE'S REPLY IN SUPPORT OF ITS MOTION TO INTERVENE AND STAY DEADLINES**

# **TABLE OF CONTENTS**

**INTRODUCTION**..................................................................................................1

**ARGUMENT**........................................................................................................2

**I.    PLAINTIFFS MISUNDERSTAND VTBE AND ITS LIQUIDATION**....2

      **A.    There is no independent "liquidator" seeking to intervene.** ...........2

      **B.    VTBE has not been "nationalized."**......................................................4

      **C.    There has been no transfer of VTBE's interests in the blocked property.**..................................................................................................4

**II.   VTBE HAS STANDING TO INTERVENE.** ...............................................5

**III.  VTBE IS NOT IN DEFAULT AND HAS NEVER BEEN PROPERLY SERVED UNDER THE HAGUE CONVENTION**...................................9

**CONCLUSION**..................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*1000 Friends of Md. v. Browner*,
  265 F.3d 216 (4th Cir. 2001) ................................................................... 10

*Bank of America, N.A. v. John Does 1 through 7*,
  No. 1:23-cv-03604-PGG (April 28, 2023, S.D.N.Y.) ............................... 9

*Bishop v. Bartlett*,
  575 F.3d 419 (4th Cir. 2009) ..................................................................... 7

*Caballero v. Fuerzas Armadas Revolucionarias de Colombia*,
  No. 20-MC-40-LJV, 2022 U.S. Dist. LEXIS 101547, at *7
  (W.D.N.Y. June 7, 2022) ........................................................................... 5

*Canning v. Bd. of Educ.*,
  No. 8:21-cv-02381-PX, 2022 U.S. Dist. LEXIS 113988 (D. Md.
  June 27, 2022) ............................................................................................ 7

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ................................................................................... 7

*Deal v. Mercer Cnty. Bd. of Educ.*,
  911 F.3d 183 (4th Cir. 2018) ..................................................................... 8

*Dominguez v. Pyrgia Shipping Corp.*,
  No. 98-529 Section "R"(4), 1998 U.S. Dist. LEXIS 5988, at *6
  (E.D. La. Apr. 24, 1998) ........................................................................... 10

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ................................................................................... 8

*Moss v. Experian Info. Sols., Inc.*,
  No. 3:16-6213, 2017 U.S. Dist. LEXIS 42946 (S.D. W. Va. Mar.
  24, 2017) ..................................................................................................... 7

*Pescatore v. Pineda*,
   No. 08-2245 (RMC), 2019 U.S. Dist. LEXIS 84048 (D.D.C. May
   20, 2019) ...................................................................................................6, 8

*Rutherford Cnty. v. Bond Safeguard Ins. Co.*,
   No. 1:09cv292, 2009 U.S. Dist. LEXIS 127842 (W.D.N.C. Dec. 3,
   2009) ......................................................................................................2, 3

*Saunders v. Metro. Prop. Mgmt.*,
   806 F. App'x 165 (4th Cir. 2020) ...........................................................9

*Shanbhag v. Yannic Dupont & Titan Transp., Ltd.*,
   No. 7:20-cv-00120-BHH, 2020 U.S. Dist. LEXIS 211568 (D.S.C.
   Nov. 12, 2020) ....................................................................................9, 10

*Sierra Club v. United States DOI*,
   899 F.3d 260 (4th Cir. 2018) ...............................................................8, 9

*Teague v. Bakker*,
931 F.2d 259, 261 (4th Cir. 1991). ...............................................................3

*Town of Chester v. Laroe Estates, Inc.*,
   137 S. Ct. 1645 (2017) ...............................................................................6

*United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*,
   959 F. Supp. 2d 81 (D.D.C. 2013) .............................................................3

*Wikimedia Found. v. NSA/Cent. Sec. Serv.*,
   857 F.3d 193 (4th Cir. 2017) .....................................................................7

**RULES**

Local Civil Rule 7(e) ........................................................................................9

Rule 24 ...............................................................................................................3

Rule 55 ...............................................................................................................9

**OTHER AUTHORITIES**

10 MOORE'S FEDERAL PRACTICE - CIVIL § 55.10 (2023) ...........................................9

# INTRODUCTION

In their motion for writ of execution, Plaintiffs told this Court, "[p]rior to turnover in this matter, undersigned will provide this Court with competent testimony establishing conclusively that VTB Bank Europe SE is an agency or instrumentality of the Taliban. VTB Bank Europe SE will be given notice and the opportunity to challenge that finding." ECF No. 15 at 4. Now, in an inexplicable about-face, Plaintiffs oppose VTB Bank (Europe) SE i.L.'s ("VTBE") motion to intervene.[1] ECF No. 26. In addition to being inconsistent with their prior representations to this Court and contrary to fundamental principles of fairness and due process, Plaintiffs' opposition misses the mark on both the facts and the law.

*First*, Plaintiffs fundamentally misunderstand VTBE's status and ongoing liquidation. There is no independent "German Liquidator" seeking approval to intervene in this action. *Contra* ECF No. 26 at 7. There is only VTBE, which is a German (not Russian) bank liquidating its own assets and seeking to intervene on its own behalf. *Second*, VTBE has not been "nationalized." *Contra* ECF No. 26 at 9. It is operating under supervisory measures imposed by the German Federal Financial Supervisory Authority (Bundesanstalt für Finanzdienstleistungsaufsicht) ("BaFin"), which is altogether different than nationalization. *Third*, the assets at issue belong to VTBE. It is undisputed that VTBE owns the blocked funds as a matter of law. There

---

[1] Bank of America, N.A., in contrast, consents to VTBE's intervention in this action.

is not, as Plaintiffs suggest, a separate liquidating entity involved. *Fourth*, VTBE is not in default and has never been properly served under the Hague Convention.

Plaintiffs' factual inaccuracies are fatal to their legal arguments, which rely primarily on the incorrect premise that a separate "German Liquidator" seeks to intervene here. Plaintiffs' opposition makes clear that VTBE must be allowed to intervene to make factual and legal arguments to set the record straight.

## ARGUMENT

**I.     PLAINTIFFS MISUNDERSTAND VTBE AND ITS LIQUIDATION.**

**A.     There is no independent "liquidator" seeking to intervene.**

In their opposition, Plaintiffs claim VTBE is "a liquidator in a foreign nation claiming standing to enter litigation and assert rights to assets that the entity it was liquidating had placed on deposit at other banks." ECF No. 26 at 7. But there is no separate liquidator entity. On March 24, 2023, at VTBE's general meeting, a court-appointed trustee exercised the votes of all VTBE's shares (without the involvement of shareholders) and passed a resolution to liquidate VTBE. Pleister Decl. at ¶¶ 13, 17. VTBE is liquidating itself on a solvent basis through its management board members, who have been appointed as liquidators. *Id*. at ¶¶ 13, 17–18. Hence, there is no external liquidator in place. The Court should disregard Plaintiffs' argument that VTBE lacks standing because VTBE *itself* plainly "stands to gain or lose by the direct legal operation of a judgment" in this action. *Rutherford Cnty. v. Bond*

*Safeguard Ins. Co.*, No. 1:09cv292, 2009 U.S. Dist. LEXIS 127842, at *12 (W.D.N.C. Dec. 3, 2009) (internal quotation omitted).

The same is true of Plaintiffs' assertion that "the German Liquidator had never exercised any dominion or control over the blocked assets." ECF No. 26 at 8. That is not the case; VTBE owned the assets pre-sanctions, and it still owns them now. *See* Pleister Decl. at ¶¶ 19, 20. Plaintiffs have conceded as much. *See* ECF No. 26 at 12 ("Title to the blocked property remains with the target.").

Plaintiffs' standing argument relies primarily on *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 959 F. Supp. 2d 81 (D.D.C. 2013), but their reliance is misplaced for the reasons set forth above. In its opening brief, VTBE cited *All Assets* for the general proposition that "[c]ourts have routinely allowed intervention in cases affecting assets subject to liquidation." ECF No. 21-1 at 7–8. VTBE was not, as Plaintiffs assert, citing *All Assets* "as authority for the proposition that it has standing." ECF No. 26 at 7. It was merely noting that a party who is liquidating its assets maintains a "significantly protectable interest" in those assets for Rule 24 purposes. *See Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991). VTBE is not asking this Court to step into the shoes of another entity—it seeks intervention to protect its own interests. Pleister Decl. at ¶¶ 19, 24.

3

## B. VTBE has not been "nationalized."

Plaintiffs also assert that this Court cannot recognize VTBE's interest in its assets because this Court is generally not empowered to recognize or give effect to foreign nationalizations. ECF No. 26 at 9. Whether this Court may give effect to a foreign nationalization is irrelevant, however, because the liquidation of VTBE has nothing to do with any German nationalization of assets. Pleister Decl. at ¶¶ 20–23. VTBE's assets have not been nationalized—VTBE is operating under comprehensive supervisory measures imposed by BaFin. *Id.* at ¶¶ 20–21. Operating under BaFin's supervisory measures is entirely different from nationalization, which is a recognized tool available to the German government under German law that the German government has not exercised, and will not exercise, with respect to VTBE. *Id.* at ¶ 21. Indeed, VTBE's wind down is manifestly *not* a nationalization because the German government has not asserted ownership over VTBE or its assets and has not asserted the right to exercise shareholder voting rights, which are instead being exercised by an independent, court-appointed trustee. *Id.* As such, Plaintiffs' assertion that "a liquidator that claim[s] rights to assets purportedly seized through a nationalization" lacks standing is wholly irrelevant. *See* ECF No. 10.

## C. There has been no transfer of VTBE's interests in the blocked property.

Plaintiffs also argue that a transfer of interests in the blocked assets after the date that VTBE was sanctioned would have been legally impermissible. ECF No. 26

4

at 11. While VTBE certainly agrees that any transfer of interests in the blocked property would be impermissible without a license from the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), no such transfer has occurred here. The assets in question were VTBE's before OFAC imposed sanctions and have remained so since. Pleister Decl. at ¶¶ 19, 20. Plaintiffs' discussion of the legality of a hypothetical transfer of interests in the blocked assets and the hypothetical impact of any lien on the blocked assets on such a transfer is therefore irrelevant.

Plaintiffs' argument that VTBE's interest in the blocked funds is "remote and contingent" fails for the same reason. *See* ECF No. 26 at 14. Indeed, as Plaintiffs point out in their opposition, "[t]itle to the blocked property remains with the target." ECF No. 26 at 12. VTBE thus plainly has an immediate and direct interest in the subject matter of this litigation. *See Caballero v. Fuerzas Armadas Revolucionarias de Colombia,* No. 20-MC-40-LJV, 2022 U.S. Dist. LEXIS 101547, at *7 (W.D.N.Y. June 7, 2022) ("[E]ven when assets are already blocked attachment and execution is a drastic result[] and undeniably implicates due process concerns.") (internal quotations omitted)).

## II. VTBE HAS STANDING TO INTERVENE.

Plaintiffs' attack on VTBE's standing is based entirely on their faulty assumptions that an independent "liquidator" is attempting to intervene and that

5

VTBE has been nationalized by the German government. When the Court disregards these false contentions, which VTBE respectfully submits that it must, it is clear that Plaintiffs' attack on VTBE's standing is without merit.

"[A]n intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017). Here, there is no way to separate VTBE's interest from the relief sought by the "parties with standing." *Cf. id.* VTBE seeks intervention to raise defenses to the relief that Plaintiffs currently seek. *See generally* ECF No. 21-1. No party to this action shares that interest and, more importantly, there is no other party with standing that could intervene to protect the assets. As such, VTBE did not address Article III standing in its opening brief because the standing rule set forth in *Town of Chester* is either inapplicable or self-evidently satisfied. *Compare Pescatore v. Pineda*, No. 08-2245 (RMC), 2019 U.S. Dist. LEXIS 84048, at *4 (D.D.C. May 20, 2019) (no standing discussion on motion to intervene under similar facts).

Even if a standing inquiry were appropriate, VTBE easily satisfies the requirements of Article III. To establish standing, a party must meet three requirements: "(1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely,

as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009).

First, VTBE has suffered an injury in fact that is concrete, particularized, and actual or imminent. *See id.* On Plaintiffs' motion, this Court issued a writ of execution against the assets of the Taliban "and its agents or instrumentalities, including but not limited to VTB Bank Europe SE." ECF No. 16. That order, which affects the legal status of VTBE's assets, is far from "conjectural or hypothetical." *Bishop*, 575 F.3d at 423; *see also Moss v. Experian Info. Sols., Inc.*, No. 3:16-6213, 2017 U.S. Dist. LEXIS 42946, at *10 (S.D. W. Va. Mar. 24, 2017) (even a lawsuit seeking only nominal damages would meet the "concrete" and "actual" requirement). And the injury is "particularized" because it affects VTBE in "a personal and individual way." *Wikimedia Found. v. NSA/Cent. Sec. Serv.*, 857 F.3d 193, 207–08 (4th Cir. 2017). Further, Plaintiffs' motion for release of funds constitutes a "threatened injury" that is "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). VTBE's injury in fact is easy to articulate: VTBE stands to lose money based on the outcome of motions that are currently pending before the Court. *See Canning v. Bd. of Educ.*, No. 8:21-cv-02381-PX, 2022 U.S. Dist. LEXIS 113988, at *18 (D. Md. June 27, 2022) ("Put differently, a [party] with such a personal stake must be able to answer the fundamental question: 'what's [this litigation] to you?'").

Inasmuch as Plaintiffs argue that the blocked status of the assets deprives VTBE of an "injury in fact," they are mistaken. Courts have described similar arguments as "border[ing] on the frivolous." *Pescatore*, 2019 U.S. Dist. LEXIS 84048, at *8. Indeed, OFAC has the authority to issue a specific license authorizing the release of blocked funds, and, if it did so, VTBE would be permitted to utilize those funds.

Second, VTBE's injury is fairly traceable to Plaintiffs. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he injury has to be "fairly . . . trace[able] to the challenged action of the [opposing party], and not . . . the result [of] the independent action of some third party not before the court. . . ."). The traceability requirement is satisfied here: it is Plaintiffs who seek to execute on VTBE's assets. VTBE's injury cannot be attributed to a third party not currently before the Court.

Third, "the injury will be redressed by a favorable decision." *Sierra Club v. United States DOI*, 899 F.3d 260, 284 (4th Cir. 2018). As a threshold matter, the blocked assets belong to VTBE, so there is no issue of ownership that would impede the Court's ability to redress the injury. *See* Pleister Decl. at ¶¶ 19, 20. Of course, the assets will remain blocked, but VTBE "need not show that a favorable decision will relieve [its] every injury." *Deal v. Mercer Cnty. Bd. of Educ.*, 911 F.3d 183, 189 (4th Cir. 2018). Even if VTBE moves to stay or consolidate this action in favor of Bank of America's interpleader action in the Southern District of New York, a

8

favorable decision on that motion would satisfy the redressability requirement. *See Bank of America, N.A. v. John Does 1 through 7*, No. 1:23-cv-03604-PGG (April 28, 2023, S.D.N.Y.); *Sierra Club*, 899 F.3d at 285 ("The removal of even one obstacle to the exercise of one's rights, even if other barriers remain, is sufficient to show redressability.").

## III. VTBE IS NOT IN DEFAULT AND HAS NEVER BEEN PROPERLY SERVED UNDER THE HAGUE CONVENTION.

Plaintiffs describe VTBE as being in default but cite no authority for that assertion. ECF No. 26 at 1. Inasmuch as Plaintiffs are invoking the 14-day deadline to *respond* to a motion in Local Civil Rule 7(e), VTBE's motion to intervene is not a response. At any rate, this Court has not entered any order holding VTBE in default. *See* 10 MOORE'S FEDERAL PRACTICE - CIVIL § 55.10 (2023) (Rule 55 is a two-step process involving an entry of default and default judgment). Even if it had, the sound exercise of this Court's discretion would require setting the default aside for at least two reasons. *See Saunders v. Metro. Prop. Mgmt.*, 806 F. App'x 165, 168 (4th Cir. 2020) (decision to set aside default is within court's discretion).

First, VTBE has not been served in accordance with the Hague Convention. *See Shanbhag v. Yannic Dupont & Titan Transp., Ltd.*, No. 7:20-cv-00120-BHH, 2020 U.S. Dist. LEXIS 211568, at *14 (D.S.C. Nov. 12, 2020) (Hague Convention applies civil matters where documents are served abroad." (quotation omitted)). Plaintiffs' purported service did not involve the German Central Authority

9

Case 3:20-mc-00206-FDW-WCM Document 28 Filed 05/09/23 Page 13 of 16

responsible for effecting service and to whom requests for service must be addressed. *See id.*; Pleister Decl. at 26. Even if there were a default (there is not), Plaintiffs' failure to serve VTBE in compliance with the Hague Convention would be grounds for setting it aside. *See Dominguez v. Pyrgia Shipping Corp.*, No. 98-529 Section "R"(4), 1998 U.S. Dist. LEXIS 5988, at *6 (E.D. La. Apr. 24, 1998) (uncertainty about proper service under the Hague Convention constituted good cause to set aside default).

Second, Plaintiffs have already told the Court in their motion for writ of execution that VTBE would be permitted to participate in this action. ECF No. 15 at 4. Plaintiffs should therefore be estopped from going back on their previous representation to take the position that VTBE is in default. *1000 Friends of Md. v. Browner*, 265 F.3d 216, 226 (4th Cir. 2001) ("Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process."). Indeed, estoppel should bar Plaintiffs' opposition entirely because it is inconsistent with the stance Plaintiffs took previously in this litigation. *See id.*

## CONCLUSION

For the reasons set forth above and in VTBE's opening brief, its motion to intervene and stay deadlines should be granted.

Submitted this 9th day of May, 2023

/s/*Thomas G. Walker*
Thomas G. Walker
**ALSTON & BIRD LLP**
101 South Tryon Street
Suite 4000
Charlotte, NC 28280
Phone: (704) 444-1000
thomas.walker@alston.com
*Attorney for VTB Bank
(Europe) SE*

## CERTIFICATE OF SERVICE

I, Thomas G. Walker, an attorney, certify that on May 9, 2023, a true and accurate copy of the above was served upon counsel of record at the addresses indicated by CM/ECF electronic notification.