# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JOHN DOES 1 THROUGH 7,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE TALIBAN, AL-QAEDA,<br>and THE HAQQANI NETWORK,<br><br>*Defendants*,<br><br>v.<br><br>Bank of America, N.A.,<br><br>*Garnishee*,<br><br>VTB Bank (Europe) SE i.L.,<br><br>*Intervenor*. | Case No. 3:20-mc-00206 |

## DECLARATION OF PROF. DR. CHRISTIAN PLEISTER

I, Prof. Dr. Christian Pleister, declare and state as follows:

1.  I certify to the best of my knowledge that the statements set forth in this instrument are true and correct.

2.  I am over 18 years of age, am of sound mind and body, and am under no legal disability. I have personal knowledge of the facts set forth in this

declaration, and if called to testify in person about those facts, could and would do so competently and under oath.

3. I submit this declaration in support of VTBE Bank (Europe) SE i.L. ("VTBE")'s Reply in Support of Motion to Intervene in the above-captioned action.

4. I am a German-qualified lawyer in good standing and admitted to the bar in Berlin, Germany. I am a partner at Noerr Partnerschaftgesellschaft mbB ("Noerr"). I have more than 20 years of professional experience in corporate law and co-head the firm-wide corporate department. Noerr has represented VTBE following the appointment of Mr. Frank Hellwig as a special representative with management board function by the German Federal Financial Supervisory Authority (Bundesanstalt für Finanzdienstleistungsaufsicht, "BaFin") in April 2022. I am acting as the Noerr lead partner for VTBE.

**Background of VTBE**

5. VTBE is a European stock corporation (*Societas Europeaea* or "SE"), incorporated in Frankfurt am Main, Germany. VTBE is subject to German law, including corporate and banking supervisory law. I have read that Plaintiffs refer to VTBE as a "Russian bank."[1] This is factually incorrect because VTBE is incorporated in Germany and German law does not provide any basis for qualifying VTBE as a "Russian bank."

---

[1] Judgment Creditors' Response in Opposition to Motion to Intervene, at 1.

6. VTBE's majority shareholder is the PJSC VTB Bank, a public joint stock company organized under Russian law, registered in St. Petersburg and domiciled in Moscow, Russian Federation ("VTBM"). On April 8, 2022, VTBM was added to the list of European Union ("EU") sanctioned persons (Annex I of Regulation (EU) 269/2014). However, and as set forth in further detail hereinafter, VTBM no longer has any control or influence over VTBE.

7. Since VTBE is a German bank, it is subject to the supervision of BaFin and the German Central Bank ("Deutsche Bundesbank") and subject to, in particular, the provisions of the German Banking Act (Kreditwesengesetz or "KWG").

8. Since February 2022, special representatives from BaFin have been supervising and supporting VTBE as it implements the EU sanctions imposed in connection with the Russian Federation's operations against the territory of Ukraine. In particular, by order dated February 17, 2022, Deloitte GmbH Wirtschaftsprüfungsgesellschaft ("Deloitte") was appointed as a special representative at VTBE in accordance with section 45c para. 1, para. 2 no. 6 of the German Banking Act to supervise VTBE's sanctions monitoring and implementation.

9. By decision dated April 9, 2022, BaFin prohibited VTBM from exercising its voting rights in VTBE. In addition, the management of VTBE was

enjoined from following any instructions from VTBM or from other companies of the VTB group.

10. By decision dated April 19, 2022, BaFin appointed Mr. Frank Hellwig as a special representative with management board functions and executive powers (including the powers of a CEO) at VTBE. Prior to this decision, four of the five members of the management board had resigned from their positions in March 2022. As a result, VTBE's management board is now comprised of two members: Mr. Frank Hellwig as CEO and Mr. Miro Zadro as CFO.

11. By decision dated June 10, 2022, BaFin appointed Dr. Peter Schad as a special representative taking over the function of the supervisory board, including the function of chairman of the supervisory board with the exception of the rights and duties afforded to employee representatives. Prior to this appointment, all shareholder representatives had resigned from the supervisory board of VTBE in March 2022. As such, Dr. Peter Schad has been the only member of the supervisory board of VTBE representing the shareholders since his appointment. Additionally, only one employee representative in VTBE's supervisory board remains, giving special representative Dr. Peter Schad a voting majority of 8:1.

12. By decision dated June 8, 2022, upon BaFin's request, the Local Court in Frankfurt/Main (Amtsgericht Frankfurt am Main) appointed FUW Treuhand Projekt GmbH ("Trustee") as trustee to exercise VTBM's voting rights in VTBE.

4

By decision dated August 18, 2022, the same court also appointed the Trustee as trustee for the voting rights of the second shareholder of VTBE, FGUP FT Center, domiciled in Moscow, Russian Federation (holding 0.61 % of VTBE's share capital).

13. The combined effect of the above-mentioned measures is that VTBM has lost all influence in and over VTBE's general meetings, management board, the supervisory board, the liquidators, and the daily business of VTBE. Consequently, VTBM has lost all control of and influence over VTBE. The current solvent wind down of VTBE is being conducted under the leadership and supervision of the special representatives appointed by BaFin (Mr. Frank Hellwig and Dr. Peter Schad) and closely monitored by BaFin and Deutsche Bundesbank. In addition, sanctions compliance is monitored by the special representatives of Deloitte.

14. Accordingly, VTBE itself is not subject to sanctions imposed by the EU, as confirmed by, *inter alia*, the Deutsche Bundesbank and the French Treasury's General Directorate (Direction générale du Trésor). While VTBE remains subject to certain sanctions imposed by the United Kingdom ("UK") and the United States in connection with the Russian Federation's operations against the territory of Ukraine, the Office of Financial Sanctions Implementation of Her Majesty's Treasury ("OFSI") in the UK added VTBE to the General License (reference number INT/2022/1280876) allowing VTBE, after an amendment on October 6, 2022, to

make, receive, or process any payments, or take any other action, in connection with the BaFin measures taken under section 46 of the KWG. (On February 24, 2023, this General License was extended until April 3, 2025, and is publicly available on the UK government's website.)

15. On September 19, 2022, the Office of Foreign Assets Control of the U.S. Department of the Treasury ("OFAC") issued a license (No. RUSSIA-EO14024-2022-950997-1) authorizing U.S. persons, including legal service providers, to engage in "all transactions that are ordinarily incident and necessary to the wind down" of VTBE. On February 24, 2023, OFAC extended this license until August 31, 2023 (No. RUSSIA-EO14024-2022-950997-2).

**VTBE's Solvent Wind Down**

16. On February 27, 2022, BaFin prohibited VTBE from granting any new loans or accepting any new deposits. As a result, VTBE is no longer allowed to carry out any new banking activities pursuant to section 46 of the German Banking Act. Therefore, VTBE's board members—the BaFin appointed special representative CEO Mr. Frank Hellwig and CFO Mr. Miro Zadro—are focused on solvently winding down VTBE's existing business in close cooperation with BaFin and Deutsche Bundesbank as supervising authorities.

17. On March 24, 2023, at an extraordinary general meeting, the Trustee announced VTBE's voluntary solvent liquidation effective April 1, 2023, thus formalizing VTBE's solvent wind down process from a corporate law perspective. The liquidation process is expected to take some time (even several years).

**VTBE's Continued Existence During Liquidation**

18. During its solvent and voluntary liquidation, VTBE continues to be run by BaFin's appointed special representatives—CEO Mr. Frank Hellwig and CFO Mr. Miro Zadro—who now act as joint liquidators in addition to their management roles. BaFin specifically confirmed that Mr. Frank Hellwig's appointment as a special representative with management functions (including the function of CEO) continues during the solvent wind down liquidation through the role of liquidator managing VTBE's wind down. Also, the supervisory board—consisting of BaFin appointed special representative Dr. Peter Schad and one employee representative—continue to supervise the board members now acting, in part, as liquidators.

19. Importantly, during the liquidation, VTBE continues to exist as the same legal entity as before. German corporate law requires VTBE to use the suffix "i.L." (meaning "in liquidation") in its correspondence to disclose that it is in the state of formal solvent voluntary liquidation (sec. 268 para. 4 sentence 1, sec. 269 para. 6 German Stock Cooperation Act (Aktiengesetz, AktG). VTBE will only cease

to exist once the completion of the liquidation has been registered with the commercial register.

**VTBE Has Not Been Nationalized by the German Government**

20. VTBE is ringfenced from VTBM's and FT-Center's control. However, this does not constitute a nationalization of VTBE by the Federal Republic of Germany. Specifically, both shareholders maintain the property in their shares in VTBE, but their voting rights are solely exercised by the Trustee and they may not exercise any influence or control over VTBE.

21. Being under the supervision of BaFin does not constitute a nationalization because German banks are either under the supervision of the European Central Bank or BaFin. Furthermore, the supervisory measures taken by BaFin, such as appointing special representatives to manage or supervise a bank, is not meant to nationalize said bank. In this instance, BaFin is not attempting to nationalize VTBE but rather ensure protection of VTBE's creditors, sanction compliance, and insulation of VTBE from VTBM.

22. Moreover, a nationalization is not concluded by the court appointing a trustee. In this instance, the court did not transfer the (*in rem*) ownership of the shares held by VTBM or FT-Center to the Trustee, but only entitled the Trustee to exercise the voting rights associated with these shares. The *in rem* ownership remains with

the respective shareholders, which are still entitled to dividends (albeit dividends may not be paid out to VTBM pursuant to the Western sanctions being imposed).

23. The Trustee itself is also not a state-owned company but is a privately held company which operates as a vehicle to conduct the duties associated with and arising from the court appointment. It is managed by two reputable German lawyers and is not state-owned or controlled.

**Intervention is Sought Only by VTBE and Not a Third Party**

24. In summary, as explained in the preceding paragraphs, VTBE i.L. is seeking to intervene in the above-captioned matter. Neither BaFin nor any individual exercising management functions during the solvent wind down/liquidation is seeking to intervene.

**Service Was Not Effectuated Through the German Central Authority Under the Hague Convention**

25. To this date, VTBE was not properly served in the above-captioned matter. The United States and the Federal Republic of Germany are both signatories of the Convention of November 15, 1965 on the Service Abroad of Judicial and

Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention").[2] Pursuant to its Article 1, the Hague Convention applies to "all cases, in civil or commercial matters."

26. Pursuant to its Articles 2 et seqq., the Hague Convention provides for service through Central Authorities designated by the Contracting States. Since VTBE is domiciled in Frankfurt/Main, Germany, the President of the Higher Regional Court (Oberlandesgericht) Frankfurt/Main is the Central Authority responsible for effecting service.[3] This Central Authority has not been involved and neither have any of the other requirements of the Hague Convention been observed. Thus, VTBE has not been properly served but nonetheless has necessarily sought to intervene in this matter to avoid prejudice to its legal interests in the bank account at issue.

---

[2] Hague Conference on Private Int'l Law, *Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*,
https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated Nov. 17, 2023).
[3] Hague Conference on Private Int'l Law, *Germany - Central Authority & Practical Information*,
https://www.hcch.net/en/states/authorities/details3/?aid=257 (last updated Sept. 6, 2022).

I declare, under penalty of perjury under the law of North Carolina, that the foregoing is true and correct.

Signed on the 9th day of May, 2023.

_____

Prof. Dr. Christian Pleister