IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOHN DOES 1 THROUGH 7,<br><br>*Judgment Creditors,*<br><br>v.<br><br>THE TALIBAN, AL-QAEDA,<br>and THE HAQQANI NETWORK,<br><br>*Judgment Debtors,*<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>*Garnishee.* | Case No.: 3:20-mc-00206-FDW-WCM |

**REPLY TO GARNISHEE BANK OF AMERICA, N.A.'S RESPONSE TO JUDGMENT CREDITORS' MOTION FOR RELEASE OF FUNDS**

John Does 1 through 7 hereby reply to Bank of America N.A.'s (BANA's) response to Judgment Creditors' Motion for Release of Funds and state as follows:

Doe Creditors do not disagree with the points raised by BANA in its response. Doe Creditors write to clarify for the Court that BANA's reference to an action it filed in New York in no way supersedes this Court's jurisdiction to hear this matter.

In its response, BANA states that it if VTB Bank Europe SE ("VTB") intervenes and presents its defenses, "BANA intends to take no position on the Turnover Motion and to defer to the interested parties and the Court's guidance as to the ultimate disposition of the Turnover Motion, as well as the proper venue for deciding the merits of the case." D.E. 32:2. Now that the proposed intervenor has confirmed that the interest in the blocked assets that it seeks to protect is

not that of an independent liquidator but of the actual owner of the blocked assets, *i.e.* the bank that is ultimately owned by the Russian Federation (*see* D.E. 28:6-9), Doe Creditors have agreed that it should be allowed to intervene (*see* D.E. 31-1:3). Should the Court permit VTB's intervention, BANA takes no position on the requested turnover of the blocked assets by this Court. That is as it should be.

BANA also informed the Court, however, that subsequent to the initiation of the proceedings supplementary and filing of the instant motion, it instituted an interpleader action in the Southern District of New York. It did so after VTB had defaulted and before BANA was aware that VTB would file a motion to intervene before this Court. BANA's interpleader appears likely to be made moot by the intervention of VTB in this matter. Nonetheless, the mention of that interpleader could create confusion, and so Doe Creditors write to clarify that the execution proceedings before this Court are not impacted by it, and that this Court need not consider that action in determining Doe Creditors' rights to the blocked assets.

This is first because TRIA executions such as this one proceed only against the garnishee, not the agency or instrumentality such as VTB, who are not served and made parties, but who must merely be given notice and an opportunity to be heard. This action was brought against the only necessary defendant, the Garnishee, BANA, where BANA is headquartered, in the Western District of North Carolina. VTB can appear to oppose it, but it is not necessary for VTB to be sued in any other jurisdiction.

Further, this action does not seek turnover of an account that was opened by VTB, but one that was opened by BANA. Typically, and as is the case here, when a financial institution discovers that it is in possession of funds of a Specially Designated National for whom the Treasury Department has issued a blocking order, such as VTB, it transfers those funds into a

newly created account with a new account number—it creates a "Blocked Account". If the blocked assets had prior been in a deposit account, the deposit account is closed and effectively ceases to exist. The blocked assets at issue are thereafter held by the financial institution in the newly created Blocked Account. Counsel for BANA has confirmed that this process was followed by BANA in the instant matter. *See* DE 20-1:2, Declaration of John Thornton ("Counsel for Bank of America informed that the funds from a correspondent banking account had been transferred to a new Blocked Account which exists as an electronic entry on BANA's books and that BANA does not consider the Blocked Account to have any locus.").

That representation from BANA's counsel was consistent with BANA's response to the Writ of Execution issued by the Clerk of this district and served by the U.S. Marshal of this district. In a letter dated April 6, 2023, BANA confirmed to the Marshal of this district that it was holding responsive Blocked Accounts. *See* letter dated April 6, 2023 from Craig Cagney to Yvette Quesnell-Deese, District Asset Forfeiture Coordinator, United States Marshals Service, Western District of North Carolina, attached hereto as Exhibit A.

This is also consistent with the position taken by BANA in an earlier TRIA execution before this Court in this very matter. To remind the Court, in 2021, Doe Creditors executed in this district against a Blocked Account created by BANA to hold the blocked assets of a money launderer and his front company. *See* D.E. 14 ordering release of funds held by BANA. BANA clearly considers the Western District of North Carolina the proper venue for TRIA proceedings against its Blocked Accounts.

The subsequently-filed action in New York has no impact on this action. Doe Creditors do not intend to appear in that interpleader action at this time. Doe Creditors, none of whom are New York residents, will only consider submitting to the jurisdiction of the Southern District of

3

New York for an interpleader by BANA following this Court's eventual order to release the blocked funds pursuant to TRIA in which BANA seeks a declaratory judgment that VTB has no rights against BANA for complying with that eventual order. Doe Creditors may not even be necessary or proper parties to such an action clarifying the rights and duties between BANA and VTB. Regardless, there is no avenue for these TRIA execution proceedings to be litigated anywhere else, and so the interpleader filed by BANA has no impact upon them.

In sum, the Court should not be distracted by the interpleader mentioned by BANA in its response. If that case is not mooted by VTB's appearance in this action, the interpleader will be limited to confirming this Court's order.

Dated: May 15, 2023.

                                                Respectfully submitted,

**Winiker Law Firm, PLLC**
352 N. Caswell Road
Charlotte, North Carolina 28204
Telephone: (704) 333-8440
Facsimile: (704) 831-5274

By:    s/ *S. Frederick Winiker, III*
          S. Frederick Winiker, III
          North Carolina Bar No. 22390
          swiniker@winikerlaw.com

**do Campo & Thornton, P.A.**
Chase Bank Building
150 S.E. 2nd Avenue, Ste. 602
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By:    s/ *John Thornton*
          John Thornton
          jt@dandtlaw.com
          *Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ *John Thornton*
John Thornton
