IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOHN DOES 1 THROUGH 7,<br><br>*Judgment Creditors,*<br><br>v.<br><br>THE TALIBAN, AL-QAEDA,<br>and THE HAQQANI NETWORK,<br><br>*Judgment Debtors,*<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>*Garnishee.* | Case No.: 3:20-mc-00206-FDW-WCM |

## SURREPLY TO MOTION TO INTERVENE AND STAY DEADLINES

When it moved to intervene, the proposed intervenor appeared to assert that it was "not a 'Russian bank'" that Vladimir Putin and his cronies ultimately own and control, but rather that it was a German liquidator of that bank, and that it had standing to intervene as a liquidator stepping into the shoes of the bank it was liquidating. *See* DE 21-1:5, 8, citing *United States v. All Assets Held at Bank Julius Baer & Co.,* 959 F. Supp. 2d 81, 112– 13 (D.D.C. 2013). It provided as Exhibit A in support a March 24, 2023 letter from German banking regulators to the Management Board of VTB Bank Europe SE containing a resolution to dissolve and liquidate the bank. *See* DE 21-2.

In response, Doe Creditors pointed out, *inter alia*, that a liquidator in this situation lacks standing as to assets blocked in other countries, and that the Court could not recognize a nationalization. DE 26:7-11.

In reply, proposed intervenor asserts that Doe Creditors misunderstood—that there is no independent liquidator; that there has been no transfer of its interests in any property, including the blocked property; and that it is still a Russian-owned bank. *See* DE 28:6-9. Doe Creditors welcome this clarification.

Doe Creditors also note that the same Exhibit A that had put been forth to show VTB Bank Europe SE's "Germanness" occasioned by the liquidation in fact showed the opposite. In that March 24, 2023 letter, the German banking regulator puts forth as the grounds and impetus for the dissolution the fact that, as of that date, its supervision over VTB Bank Europe SE qualified as "impaired" because it is a "subsidiary of an institution domiciled in a non-EEA state [Russia]" which did not "cooperate satisfactorily with the [German] Federal Financial Authority." DE 21-2:4. It notes that "effective supervision of VTBE [is] impaired by the lack of trustworthiness of its direct majority shareholder, VTB Bank PJSC, St. Petersburg ("VTB Bank PJSC")" and that "VTB Bank PJSC holds 99.39% of the shares in VTBE". *Id*. at 5. It further informs VTB Bank Europe SE that its "indirect owner, the Russian Federation, is not trustworthy …". *Id*. at 4. It relates that the German authorities feared an "imminent risk", and specifically "feared that your Russian owner will attempt to transfer assets to Russia …". *Id* at 4. The German regulator laments its lack of ability to prevent a situation in which "your main shareholder or its employees will, due to their position in the company group" act against the German controls. *Id*. Based upon this March 24, 2023 finding that it could not control VTB Bank Europe SE, the German regulator liquidated it.

To be clear, then, VTB Bank Europe SE is a Russian-owned bank, indirectly owned by the Russian Federation itself, that German regulators, as of March 24, 2023—after the institution of these TRIA proceedings—found to be so uncontrollable and beholden to the untrustworthy Russian

Federation that they had to force it into liquidation. That entity should be allowed to intervene, but there are implications of its assertions to date.

Having pivoted away from its "liquidator" argument, and having put forth evidence that Germany lacked effective control over it as of March 24, 2023, VTB Bank Europe SE cannot pivot back to arguing that it is a creature of German control at any time relevant to this proceeding. Nor can it imply German ownership. The Court should be clear that VTB Bank Europe SE's interest in the assets is ultimately Vladimir Putin's. He and his cronies are the ultimate beneficiaries of proposed intervenor's claimed interest.

Proposed Intervenor also argues for the first time that it did not default because it was not properly served under the Hague Convention. DE 28:13.

First, it did default. The Doe Creditors served VTB Bank Europe SE with the Order for Issuance of Writ of Execution, the Writ of Execution, and a Notice of Supplementary Proceedings on April 3, 2023. *See* DE 18, Proof of Service. VTB Bank Europe SE made no response within 21 days, the longest possible response time. It is clear that VTB Bank Europe SE received the notice, as it responded, albeit late.

Second, that notice was sufficient. North Carolina law governs what, if any, notice should be given in these proceedings travelling under the North Carolina proceedings supplementary statute. *See* Fed. R. Civ. P. 69. North Carolina law provides that, "[t]he court or judge may also, in its or his discretion, require notice of the proceeding to be given to any party to the action, in such manner as seems proper." N.C. Gen. Stat. § 1-360. Given that this is a proceeding against assets, personal jurisdiction over VTB Bank Europe SE is not necessary.[1] The notice provided to VTB Bank Europe

---

[1] TRIA by its own language provides that "*the blocked assets* of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution …" 28 U.S.C.S. § 1610, note (emphasis added). It does not implicate or rely on

3

SE by a process server was clearly sufficient to satisfy North Carolina's discretionary notice provisions. It also satisfies Constitutional concerns. It was reasonably calculated to provide notice of these proceedings, and did provide notice, as is evidenced by the fact VTB Bank Europe SE has appeared.

Third, because VTB Bank Europe SE has appeared, the entire question of the method of notice is irrelevant. The fact that a party whose assets are subject to TRIA execution has "received actual notice and appeared" shows that the notice was adequate. *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 741 (11th Cir. 2014). There is no further need for the Court to address questions of service raised in the reply.

Dated: September 5, 2023.

        Respectfully submitted,

        **Winiker Law Firm, PLLC**
        352 N. Caswell Road
        Charlotte, North Carolina 28204
        Telephone: (704) 333-8440
        Facsimile: (704) 831-5274

        By:    s/ *S. Frederick Winiker, III*
                  S. Frederick Winiker, III
                  North Carolina Bar No. 22390
                  swiniker@winikerlaw.com

        **do Campo & Thornton, P.A.**
        Chase Bank Building
        150 S.E. 2nd Avenue, Ste. 602
        Miami, Florida 33131
        Telephone: (305) 358-6600
        Facsimile: (305) 358-6601

        By:    s/ *John Thornton*
                  John Thornton
                  jt@dandtlaw.com
                  *Admitted Pro Hac Vice*

---

personal jurisdiction over the instrumentality of the terrorist or result in a judgment against him or it. It only implicates jurisdiction over the asset or the party who holds the asset (that is the garnishee), much like a criminal forfeiture.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ *John Thornton*
John Thornton
