IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-mc-00206-FDW-WCM

| | | |
|---|---|---|
| JOHN DOES 1 THROUGH 7, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| | ) | |
| THE TALIBAN, | ) | |
| AL-QAEDA, | ) | |
| THE HAQQANI NETWORK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Garnishee | ) | |

This matter is before the Court on the following motions:

(1) A Motion to Intervene and Stay Deadlines (the "Motion to Intervene, Doc. 21) filed by VTB Bank (Europe) SE ("VTBE");

(2) A Motion to Stay Briefing Deadlines to Respond to Plaintiffs' Motion for Release of Funds (the "Motion to Stay Briefing Deadlines," Doc. 27) filed by VTBE; and

(3) A Consent Motion to Vacate Writ of Execution with Respect to Property of VTB Bank PJSC Shanghai Branch Only (the "Motion to Vacate," Doc. 35).

1

## I. Relevant Background

On November 5, 2020, the Hon. Mark T. Pittman, United States District Judge for the Northern District of Texas, entered a Final Default Judgment in favor of John Does 1 through 7 ("Plaintiffs") and against the Taliban, Al-Qaeda, and the Haqqani Network ("Defendants"). Doc. 1; see also Doc. 2 (Amended Registration of a Foreign Judgment).[1]

On December 14, 2020, Plaintiffs registered the judgment in this district. Doc. 1. The registration was amended on January 20, 2021. Doc. 2.

On February 23, 2021, Plaintiffs filed a Motion for Final Execution, Doc. 5.

That motion was granted on May 3, 2021 and writs of execution—one for each Defendant—were issued by the Clerk the same day. Docs. 6, 7-9.

On August 10, 2021, Plaintiffs filed a Motion for Release of Funds by which they sought an Order compelling Bank of America, N.A. ("BANA") to "turn over certain funds that are now in its possession." Doc. 10. That motion was allowed by Order filed on August 12, 2021. Doc. 12.[2]

On March 20, 2023, Plaintiffs moved for an "Order of Execution to be

---

[1] Plaintiffs have described themselves as being "civilian contractors working for the U.S. Government in Afghanistan in 2016" and who "were injured in a suicide bomb attack perpetrated by the Taliban and its co-conspirators . . . ." Doc. 36-1 at 1.

[2] Plaintiffs subsequently moved to amend that Order. Plaintiffs' request was allowed, and an Amended Order was entered on September 14, 2021. Docs. 13, 14.

issued against the Judgment Debtor, the Taliban, and its agencies and instrumentalities, including but not limited to" VTBE. Doc. 15. That motion was granted the same day, and, on March 27, a writ of execution was issued by the Clerk. Docs. 16, 17. The writ directed the United States Marshal to satisfy the judgment Plaintiffs had obtained against the Taliban out of "the blocked assets of the Judgment Debtor and its agencies and/or instrumentalities, as those terms are defined in the Terrorism Risk Insurance Act ('TRIA'), including but not limited to VTB Bank Europe S.E." Doc. 17 at 1.

On April 27, 2023, Plaintiffs filed a Motion for Release of Funds Held by Garnishee Bank of America, N.A. (the "Motion for Release of Funds," Doc. 20). Therein, Plaintiffs argued that funds secured by the March 27 Writ of Execution were in the possession, custody, or control of BANA. Doc. 20.[3]

On April 28, 2023, VTBE filed the Motion to Intervene. Doc. 21. Plaintiffs subsequently responded, VTBE replied, and Plaintiffs have, with leave of court, filed a surreply. Docs. 26, 28, 38.

On June 20, 2023, BANA and Plaintiffs filed the Motion to Vacate. Doc. 35. No opposition to the Motion to Vacate has been filed, and the deadline to respond has expired.

---

[3] The Motion for Release of Funds is currently pending.

## II. Motion to Intervene

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that on timely motion a court must permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Here, Plaintiffs initially opposed VTBE's intervention. Doc. 26. In their surreply, however, Plaintiffs acknowledged that VTBE "should be allowed to intervene." Doc. 38 at 3.[4]

Particularly in light of Plaintiffs' consent, the undersigned is persuaded that VTBE should be allowed to intervene, including for the purpose of responding to the Motion for Release of Funds. See Doc. 15 at 4 (stating that Plaintiffs' counsel "will provide this Court with competent testimony establishing conclusively that VTB Bank Europe SE is an agency or instrumentality of the Taliban" and that "VTB Bank Europe SE will be given

---

[4] Plaintiffs confirmed this position in statements made in a related matter pending in New York. Doc. 36-1 at 2 (Pre-Motion Letter submitted by Plaintiffs in the matter of <u>Bank of America, N.A. v. John Does 1 Through 7, et al.</u>, No. 1:23-cv-03604, United States District Court, Southern District of New York) ("VTBE moved to intervene in that action (WDNC action Dkt. 21); and Does consented to that intervention (WDNC action Dkt. 31-1)").

notice and the opportunity to challenge that finding."); Doc. 16 ("The Court makes the preliminary finding that VTB Bank Europe SE is an agency or instrumentality of the Taliban. VTB Bank Europe SE will be given the opportunity to challenge this preliminary finding prior to turnover of the assets at issue").

### III. Motion to Stay Briefing Deadlines

By the Motion to Stay, VTBE requests that it be given a deadline of fourteen (14) days, following a decision on the Motion to Intervene, within which to file a response to the Motion for Release of Funds. Doc. 20.

VTBE represents that BANA does not object to the requested extension.

VTBE states that Plaintiffs do object to the extension, but Plaintiffs have not filed a response in opposition to the Motion to Stay, and the deadline for doing so has passed.

Accordingly, the Motion to Stay will be granted.

### IV. Motion to Vacate

In the Motion to Vacate, Plaintiffs and BANA represent that "two blocked accounts" were implicated by the March 27 Writ of Execution: "(1) Blocked Account No. XXXXXX4158, which contains the blocked proceeds of Account No. XXXXXX6801 that BANA did in fact hold in the name of VTB Europe (the 'VTB Europe Account'); and (2) Blocked Account No. XXXXXX4161, which contains the blocked proceeds of Account No.

5

XXXXXX0294 that BANA actually held in the name of VTB Bank PJSC Shanghai Branch (the 'VTB Shanghai Account'), and not VTB Europe." Doc. 35 at 2.

However, the Motion to Vacate states that Plaintiffs "did not intend to attach, and do not plan to pursue turnover of, the assets in the VTB Shanghai Account." Doc. 35 at 2.

For the reasons stated in the Motion to Vacate, this request will be allowed.

**IT IS THEREFORE ORDERED THAT:**

(1) The Motion to Intervene and Stay Deadlines (Doc. 21) filed by VTB Bank (Europe) SE ("VTBE") is **GRANTED**, and VTBE is **GIVEN LEAVE** to file, on or before September 15, 2023, its Pleading Asserting Claims and Defenses (Doc. 21-3).

(2) The Motion to Stay Briefing Deadlines to Respond to Plaintiffs' Motion for Release of Funds (Doc. 27) filed by VTBE is **GRANTED**, and VTBE's deadline to file a response Plaintiffs' Motion for Release of Funds (Doc. 20) is **EXTENDED** through and including September 20, 2023.

(3) The Consent Motion to Vacate Writ of Execution with Respect to Property of VTB Bank PJSC Shanghai Branch Only (Doc. 35) is **GRANTED** as follows:

   a. The Writ of Execution issued by the Clerk on March 27, 2023 is

deemed to be limited solely to the VTB Europe Account.

b. All writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind served on, or delivered to BANA by Plaintiffs with respect to the VTB Shanghai Account are hereby **WITHDRAWN, VACATED** and **DEEMED NULL AND VOID**.

Signed: September 5, 2023

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge