IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOHN DOES 1 THROUGH 7,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE TALIBAN, AL-QAEDA,<br>and THE HAQQANI NETWORK,<br><br>*Defendants*. | Case No. 3:20-mc-00206 |

## **VTB BANK (EUROPE) SE'S PLEADING ASSERTING CLAIMS AND DEFENSES FOR WHICH IT SEEKS TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24(c), VTB Bank Europe SE (VTBE) submits this pleading that sets out the claims and defenses for which intervention is sought. By submitting this pleading, and by moving to intervene, VTBE waives no defenses—jurisdictional or otherwise. *See, e.g., Caballero v. Fuerzas Armadas Revolucionarias de Columbia*, No. 20-mc-80146-JST, 2021 U.S. Dist. LEXIS 84403, at *6 (N.D. Cal. Apr. 12, 2021) ("We do not see why an intervenor should be considered to have automatically consented to the jurisdiction of the court. The intervenor has consented to something, but it is not personal jurisdiction. Rather, the *quid pro quo* for his intervention is that he consents to have the district court determine all issues in the case, including issues of jurisdiction, venue and service of process." (quoting *S.E.C. v. Ross*, 504 F.3d 1130, 1150 (9th Cir. 2007)).

VTBE seeks to intervene to assert all available defenses to Plaintiffs' claims related to VTBE's assets. Specifically, VTBE responds to each paragraph of Plaintiffs' motion for order of execution (ECF No. 15) as follows:

1

1. VTBE admits that Plaintiffs have registered a foreign judgment from the United States District Court for the Northern District of Texas against the Taliban, Al-Qaeda, and the Haqqani Network for an amount totaling $138,418,741. Inasmuch as the remaining allegations in paragraph 1 require a response, they are denied.

2. VTBE admits that Plaintiffs have registered a foreign judgment from the United States District Court for the Northern District of Texas against the Taliban, Al-Qaeda, and the Haqqani Network for an amount totaling $138,418,741. Inasmuch as the remaining allegations in paragraph 2 require a response, they are denied.

3. Paragraph 3 is a legal conclusion to which no response is required. Inasmuch as paragraph 3 requires a response, it is denied.

4. VTBE admits that the Taliban, Al-Qaeda, and the Haqqani Network are each a "terrorist party," as defined by Section 201(d)(4) of the TRIA. VTBE denies that any judgment may be executed against VTBE's assets, blocked or otherwise.

5. VTBE is without information sufficient to admit or deny whether "Judgment Creditors served an information subpoena on a financial institution, which indicated that it holds in this district blocked assets of VTB Bank Europe SE." VTBE denies that the allegations in paragraph 5 are sufficient to confer jurisdiction, support an order of execution, or otherwise identify or affect VTBE's assets.

6. VTBE denies the statements and allegations in paragraph 6.

7. VTBE admits that it is a sanctioned entity by the U.S. Department of the Treasury pursuant to Executive Order ("E.O") 14024, under the Russian Foreign Activities Sanctions Regulations, for being owned or controlled, directly or indirectly, by VTB Bank in Russia. VTBE admits that VTB Bank was designated pursuant to E.O. 14024, under the Russian Foreign Activities Sanctions

Regulations, for being owned or controlled by, or for having acted or purported to act for or on behalf of, directly or indirectly, the Government of the Russian Federation, and for operating or having operated in the financial services sector of the Russian Federation economy.

8. VTBE denies the statements and allegations in paragraph 8.

9. VTBE is without information sufficient to admit or deny the statements and allegations in paragraph 9.

10. VTBE is without information sufficient to admit or deny the statements and allegations in paragraph 10.

11. VTBE denies that any order related to the execution on or disposition of VTBE's assets could be properly entered at this time.

12. VTBE is without information sufficient to admit or deny the statements and allegations in paragraph 12. Inasmuch as paragraph 12 purports to state or allege that Plaintiffs may execute on VTBE's assets, it is denied.

13. VTBE denies the statements and allegations in paragraph 13 and takes the position that the requested relief is not proper.

VTBE seeks to intervene to assert all available defenses to Plaintiffs' motion for order of execution (ECF No. 15) and to assert all available defenses to any claim Plaintiffs' advance to execute on VTBE's assets.

Submitted this 15th day of September, 2023.

**ALSTON & BIRD LLP**

*/s/ Thomas G. Walker*
Thomas G. Walker
101 South Tryon Street
Suite 4000
Charlotte, NC 28280
Phone: (704) 444-1000
Facsimile: (704) 444-1111
thomas.walker@alston.com

Brian D. Frey
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3067
Facsimile: (202) 870-6435
brian.frey@alston.com

*Attorneys for VTB Bank (Europe) SE i.L*

## CERTIFICATE OF SERVICE

I, Thomas G. Walker, an attorney, certify that on September 15, 2023, a true and accurate copy of the above was served upon counsel of record at the addresses indicated by CM/ECF electronic notification.

**ALSTON & BIRD LLP**

*/s/ Thomas G. Walker*
Thomas G. Walker
101 South Tryon Street
Suite 4000
Charlotte, NC 28280
Phone: (704) 444-1000
Facsimile: (704) 444-1111
thomas.walker@alston.com

*Attorney for VTB Bank (Europe) SE i.L*