IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-mc-00206-FDW-WCM

| | |
|---|---|
| JOHN DOES 1 THROUGH 7, | )<br>) |
| Plaintiffs, | ) |
| v. | )      ORDER<br>) |
| THE TALIBAN;<br>AL-QAEDA;<br>THE HAQQANI NETWORK, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| BANK OF AMERICA, N.A., | )<br>) |
| Garnishee, | )<br>) |
| VTB BANK (EUROPE) SE, | )<br>) |
| Intervenor. | ) |

This matter is before the Court on the following motions:

1. Plaintiffs' Motion for Extension of Time (the "Motion to Extend," Doc. 54);

2. A "Cross-Motion to Stay Discovery" filed by VTB Bank (Europe) SE, ("VTBE") (the "Motion to Stay," Doc. 56); and

3. Plaintiffs' "Motion for Order that Discovery from VTB Bank Europe SE has Commenced, and to Compel Discovery" (the "Motion for Discovery," Doc. 64).

I.     Relevant Background

In brief, this case involves Plaintiffs' efforts to collect on a default judgment that was entered against the Taliban, Al-Qaeda, and the Haqqani

1

Network ("Defendants") on November 5, 2020 by the United States District Court for the Northern District of Texas and subsequently registered in this district. Docs. 1, 2.

On March 20, 2023, Plaintiffs filed a motion requesting that an "Order of Execution be issued for the collection of the Judgment … against the assets of the Judgment Debtor the Taliban and its agents or instrumentalities, including but not limited to" VTBE. Doc. 15 at 4–5. That same day, the Court issued an Order for Issuance of Writ of Execution in which it made a preliminary finding that VTBE was an agent or instrumentality of the Taliban. Doc. 16 at 2.

On March 27, 2023, the Clerk issued a Writ of Execution. Doc. 17.[1]

On April 27, 2023, Plaintiffs filed a Motion for Release of Funds, which seeks an order directing that funds belonging to VTBE and that are in the possession, custody, or control of Bank of America, be released (the "Turnover Motion," Doc. 20).

On September 5, 2023, VTBE was granted leave to intervene in this matter. Doc. 39. VTBE's deadline to respond to the Turnover Motion was thereafter extended through and including October 20, 2023.

---

[1] The Writ was subsequently clarified to be deemed limited to a single account held by Bank of America in the name of VTBE. Doc. 39.

On October 20, 2023, VTBE filed a Motion to Vacate Writ and Dismiss, or, in the alternative, to Transfer Venue (the "Motion to Vacate," Doc. 51). VTBE also filed its response in opposition to the Turnover Motion. Doc. 53.

On October 23, 2023, Plaintiffs filed the Motion to Extend by which they ask that their deadlines (1) to file a reply in support of their Turnover Motion and (2) to respond in opposition to VTBE's Motion to Vacate be extended so that Plaintiffs may conduct discovery. Doc. 54.

On October 27, 2023, VTBE filed the Motion to Stay, arguing that both the Motion to Vacate and the Turnover Motion should be decided on the parties' briefs, and that the Court should only reach the Turnover Motion if it declines to vacate the Writ or, in the alternative, to transfer this matter to the Southern District of New York. Doc. 56.

On November 3, 2023, Plaintiffs filed a document that was intended to be a response in opposition to the Motion to Stay and a reply in support of the Motion to Extend. Doc. 62.

On November 13, 2023, VTBE filed a reply in support of its Motion to Stay. Doc. 63.

On December 19, 2023, Plaintiffs filed the Motion for Discovery, by which they assert that discovery with respect to the Motion to Vacate and the Turnover Motion would be appropriate and seek an order stating that discovery in this matter has commenced and compelling VTBE to respond to

3

discovery Plaintiffs have served upon VTBE. See Doc. 64 at 2. VTBE has filed a response in opposition, and Plaintiffs have replied. Docs. 65, 66.

On February 12, 2024, the undersigned conducted a hearing on the Motion to Extend, the Motion to Stay, and the Motion for Discovery (collectively, the "Motions") and took them under advisement. This Order follows.

II. Discussion

The Motions raise questions of whether Plaintiffs should be allowed to conduct discovery before submitting further briefing regarding either the Turnover Motion or the Motion to Vacate and, if so, what the scope and timing of that discovery should be.

VTBE argues that the Motion to Vacate should be decided first, since that motion raises issues regarding service, jurisdiction, and the sufficiency of Plaintiffs' allegations. VTBE also asserts that Plaintiffs do not need discovery in order to complete their briefing with respect to the Motion to Vacate or the Turnover Motion.

In contrast, Plaintiffs contend that VTBE has raised factual issues in both its opposition to Plaintiffs' Turnover Motion and its Motion to Vacate and that Plaintiffs are entitled to conduct discovery on those matters.

Specifically with respect to the Turnover Motion, Plaintiffs ask the Court: 1) to direct VTBE to respond to Requests for Admission, Interrogatories,

4

and Requests for Production (the "Written Discovery")[2] that were previously served on VTBE by Plaintiffs; 2) to authorize Plaintiffs to take the depositions Jonathan M. Winer, Lars Klohn, and Hans-Georg Herrmann, each of whom has submitted a declaration in opposition to the Turnover Motion; and 3) to authorize Plaintiffs to conduct discovery through the Hague Convention.[3] See Doc. 53.

With respect to the Motion to Vacate, Plaintiffs request that the Court: 1) require VTBE to respond to the Written Discovery (as some of the requests seek information that pertains to the Motion to Vacate while other portions pertain to the Turnover Motion); and 2) authorize Plaintiffs to depose Christian Pleister. Mr. Pleister submitted a Declaration in support of VTBE's previous intervention request, Doc. 28-1, and that information was also cited by VTBE in the Motion to Vacate. Doc. 52 at 26.

### A. Discovery in Connection with the Motion to Vacate

VTBE argues that its Motion to Vacate should be seen as analogous to a motion to dismiss made pursuant to Rule 12 of the Federal Rules of Civil

---

[2] During the February 12 hearing, VTBE argued that Plaintiffs' requests are overly broad and that responding to them would be unduly burdensome. However, a copy of the Written Discovery has not been provided to the Court and, in light of the undersigned's rulings on the Motions (described below), it is not necessary for the Court to address those arguments at this time.

[3] Plaintiffs state that they wish to take one or two depositions of German banking officials, but the scope of the discovery Plaintiffs would like to take pursuant to the Hague Convention is otherwise unclear.

5

Procedure, whereas Plaintiffs contend that the motion is more similar to a motion for summary judgment under Rule 56 and, therefore, that they should be allowed to conduct discovery in defense of that motion.

The Motion to Vacate presents certain factual issues that Plaintiffs should, in fairness, be allowed to explore. Although VTBE argues that Plaintiffs have not alleged sufficiently that VTBE is an agent or instrumentality of the Taliban, VTBE also asserts, based on Mr. Pleister's Declaration, that:

> [P]ublicly available information confirms that, more than a year prior to Plaintiffs' motion for writ of execution against VTBE, the German government began severing all aspects of VTB Russia's control of VTBE such that, at the time of the motion, VTBE was in fact operating wholly independently of VTB Russia under the supervision of BaFin and at the direction of BaFin's appointed special representatives. Thus, VTBE was not and could not possibly have been an agency or instrumentality of Russia (or by Plaintiffs' inferential leap an agency or instrumentality of the Taliban) at the time that Plaintiffs filed their motion for writ of execution.

Doc. 52 at 26 (citing Doc. 28-1, ¶ 13).

Accordingly, Plaintiffs will be given an opportunity to take the deposition of Mr. Pleister and to include information from that deposition in their response in opposition to the Motion to Vacate.

With respect to the Written Discovery, as Plaintiffs have not provided the Court with a copy of those discovery requests or identified which specific

6

portions of the Written Discovery they believe pertain to the Motion to Vacate, Plaintiffs' request that VTBE be directed to respond to the Written Discovery for this purpose will be denied.

B. **Discovery in Connection with the Turnover Motion**

The undersigned agrees with VTBE that the Motion to Vacate should be considered prior to the resolution of the Turnover Motion. Accordingly, Plaintiffs' request to conduct discovery relative to the Turnover Motion will be denied without prejudice at this time. Should the resolution of the Motion to Vacate not result in either the dismissal of the Writ or the transfer of this case, Plaintiffs may renew their request for discovery to be used in connection with the filing of a reply in support of their Turnover Motion. Likewise, Plaintiffs' deadline to file such a reply will be stayed. This ruling, however, does not prohibit Plaintiffs from obtaining discovery from any parties on a voluntary basis.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiffs' Motion for Extension of Time (Doc. 54) and "Motion for Order that Discovery from VTB Bank Europe SE has Commenced, and to Compel Discovery" (Doc. 64) are **GRANTED IN PART AND DENIED IN PART** as follows:

a. To the extent the motions relate to the Motion to Vacate,

    i. VTBE is **DIRECTED** to make Christian Pleister available for deposition on or before **March 15, 2024**. The Court encourages counsel for all parties to discuss the terms of this deposition promptly and reasonably.

    ii. Plaintiffs' deadline to file a response in opposition to the Motion to Vacate is **EXTENDED** through and including **April 5, 2024**.

    iii. Plaintiffs' request for an order compelling VTBE to respond to the Written Discovery is **DENIED**.

b. To the extent the motions relate to the Turnover Motion,

    i. Plaintiffs' deadline to file a reply in support of their Turnover Motion is **TEMPORARILY STAYED.**

    ii. Should the resolution of the Motion to Vacate not result in either the dismissal of the Writ or the transfer of this case, any renewed request for discovery to be used in connection with the filing of a reply in support of the Turnover Motion shall be filed by Plaintiffs within **14 days** of the entry of such ruling.

2. The "Cross-Motion to Stay Discovery" filed by VTB Bank (Europe) SE, is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. To the extent the motion relates to the Motion to Vacate, it is **DENIED** with respect to the deposition of Mr. Pleister and **DENIED AS MOOT** with respect to the Written Discovery.

   b. To the extent the motion relates to the Turnover Motion, it is **GRANTED** pending resolution of the Motion to Vacate.

**Signed: February 13, 2024**

W. Carleton Metcalf
United States Magistrate Judge